IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3103-D

DARRELL F. GIST,                    )
                                    )
                Plaintiff,          )
                                    )
        v.                          )               **ORDER**
                                    )
RACHEL KUBIN, et al.,               )
                                    )
                Defendants.         )

On May 3, 2016, Darrell F. Gist ("Gist"), a federal inmate proceeding pro se, filed this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80, and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1], together with a declaration in support [D.E. 1-1]. Gist proceeds in forma pauperis [D.E. 2, 8].

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of the pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted).

Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Gist is incarcerated at the Federal Medical Center in Butner, North Carolina ("FMC-Butner"), where the allegations in his complaint arose. See Compl. [D.E.1] 2, 7. Gist alleges that he was diagnosed in June 2014 "with Cervical Meylopathy [sic] due to severe cord compression and underwent C3-4 ACDF Anterior Cervical Discectomy [sic]." Id. at 8. Gist also alleges that he was "listed as Parapeliga [sic] with Sever[e] Spasticity in both legs and permanently Disabled," requiring "Assistance with his ADLs– and Special Equipment." Id. Additionally, Gist states that he "was classified as a 'Slip and Fall Risk' and needed to be monitored." Id.

Gist alleges that on January 28, 2015, despite his physical limitations, defendant Kubin, a physician's assistant at FMC-Butner, "deliberately inserted 'False' Medical Information into the Plaintiff's Medical File" in order "to deny the Plaintiff, a 'Handicap Room' 'Care' and 'Safe Keeping' in the ICU-Unit." Id. at 8–9. Gist alleges that defendants Olmo and Ansari, two doctors at FMC-Butner "[c]osign[ed] this Fraudulent Medical Report . . . without first giving the Plaintiff a[n] examination." Id. at 8. When Gist protested his cell assignment to defendant Jackson, a correctional officer, and "showed Defendant Jackson his Medical records which[] proved that he was indeed Handicapped," Jackson consulted with defendant Brinkley, the Medical Bed Movement Coordinator, who "informed [Jackson] that the Plaintiff was lying." Id. at 9. Jackson then contacted Kubin and, on Kubin's instructions, confiscated Gist's therapeutic mattress and replaced it "with a

2

Green Vinyl badly deformed lumpy mattress that would not straighten all the way out, and told the Plaintiff to sleep on it." Id. at 9–10. Gist was forced to use the mattress for 23 days, exacerbating his spinal cord injury. Id. at 10.

Gist alleges that on February 4, 2015, defendant Noble, a physical therapist at FMC-Butner, "came to evaluate the Safety equipment in the Plaintiff's room" and denied Gist's request for safety rails in the shower and mats on the floor, stating that "'If I put Safety Bars and Mats in your shower, then everybody down here is going to want'" the same equipment and "that's to[o] much work." Id. at 11–12. On February 22, 2015, Gist "suffered a Severe leg Spasm" while exiting the shower, "slipped on the wet floor and fell out of the Shower, hitting his Head on the Walker and Floor. The Plaintiff was unconscious and only regained consciousness after Defendant Jackson violently yanked and pulled him up trying to free him from under the walker" in contravention of a nurse's instruction to wait for medical assistance. Id. at 13. Gist alleges that he developed arthritis in his left hip and suffered other injuries from the fall. Id. at 13–14.

Gist asserts claims under Bivens relating to the confiscation of his therapeutic mattress, placement in a non-handicapped cell, and defendant Jackson's actions in moving him after the fall in the shower. Id. at 8–18. Gist also asserts a claim under the FTCA[1] based on the Bureau of Prisons's duty to "provide suitable quarters and provide for the safekeeping, care, and subsistence" of Gist pursuant to 18 U.S.C. § 4042(a)(2). Id. In addition to the medical staff and correctional officer, Gist names the United States of America and FMC-Butner Warden Kenny Atkinson, who as "Custodian is responsible for ensuring that the Plaintiff is protected from any undue Infringement

---

[1] "[T]he United States is the only proper defendant" in an action seeking relief under the FTCA. Iodice v. United States, 289 F.3d 270, 273 n.1 (4th Cir. 2002). Thus, to the extent Gist names any individual as a defendant to his FTCA claim, the court dismisses the claim.

3

of his Constitutional Rights by the Actors under his Supervision" and responded to a grievance Gist filed. Id. at 7–8, 14. Gist seeks "Compensatory and Punitive Damages in the sum of $2,000.000,00" against each named defendant. Id. at 19.

It does not clearly appear from the face of the complaint that Gist is not entitled to relief. Thus, the complaint is allowed to proceed. Gist, however, may not proceed against defendant Atkinson, because a Bivens claim may not be grounded upon a respondeat-superior theory. See, e.g., Iqbal, 556 U.S. at 676; Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A supervisor may be held responsible for a subordinate's unconstitutional act only if the supervisor was involved personally or participated in the unconstitutional act. See, e.g., Iqbal, 556 U.S. at 676. Thus, a plaintiff must show that (1) "the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury"; (2) the supervisor responded so inadequately "as to show deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) "there was an affirmative causal link between the supervisor's inaction" and the constitutional injury alleged. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (quotations omitted). Gist has not plausibly alleged the direct involvement of defendant Atkinson sufficient to hold him liable for the acts of others. Moreover, "participation in the administrative remedy proceedings is not the type of personal involvement necessary to state a claim based upon supervisor liability." Abdel–Aziz v. Johns, No. 5:07-CT-3095-FL, 2008 WL 4279696, at *3 (E.D.N.C. Sept. 15, 2008) (unpublished) (collecting cases). Thus, the court dismisses Gist's claim against Atkinson.

In sum, the court DISMISSES Gist's claims against defendant Atkinson, along with any FTCA claim against any defendant other than the United States. Gist may proceed with his remaining claims. The clerk shall maintain management of this case, including issuance of

4

summonses. The court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED. This **22** day of March 2017.

_James Dever_
JAMES C. DEVER III
Chief United States District Judge
